DIETZ, Judge.
Defendant Eddie Charles Clark Jr. appeals his convictions for various misdemeanor offenses. As explained below, the record on appeal does not establish that the superior court, which heard these misdemeanor charges in the first instance, had subject matter jurisdiction. Specifically, the record does not contain any documentation that the State pursued these charges through presentment by the grand jury. Under controlling precedent from our Supreme Court, we are therefore constrained to vacate the trial court's judgments.
Facts and Procedural History
On 3 April 2017, the State indicted Eddie Charles Clark Jr. in superior court for driving while impaired, reckless driving, injury to real property, resisting a public officer, and two counts of communicating threats. All of these charges are misdemeanors. The case went to trial on 26 June 2017 and the jury convicted Clark of reckless driving, resisting a public officer, and two counts of communicating threats. The trial court sentenced Clark to two consecutive 45-day terms in prison for each count of communicating threats. The trial court also sentenced Clark to active sentences of 45 days each for resisting a public officer and reckless driving, but suspended those sentences and placed Clark on supervised probation. Clark timely appealed.
Analysis
We begin by addressing a jurisdictional defect in the record on appeal. Ordinarily, the district court has exclusive, original jurisdiction over a criminal prosecution involving only misdemeanor charges. N.C. Gen. Stat. § 7A-272(a). But the superior court may hear a misdemeanor charge in the first instance "[w]hen the charge is initiated by presentment." Id. § 7A-271(a)(2). A presentment is "a written accusation by a grand jury, made on its own motion and filed with a superior court, charging a person ... with the commission of one or more criminal offenses." Id. § 15A-641(c). The presentment statute obligates district attorneys "to investigate the factual background of every presentment returned in [their] district and to submit bills of indictment to the grand jury dealing with the subject matter of any presentments when it is appropriate to do so." Id.
This Court recently reaffirmed that, because of the timing described in N.C. Gen. Stat. § 15A-641, the presentment cannot be the same document as the indictment. See State v. Baker , --- N.C. App. ----, --- S.E.2d ----, 2018 WL 6613804 at *2-3 (Dec. 18, 2018). Instead, after the grand jury issues a presentment, "[s]ome duration of time is required for the prosecutor to sufficiently investigate the grand jury's directive."Id. As our Supreme Court has explained, to constitute a valid presentment, the grand jury must issue it, the district attorney must investigate the accusations contained in it, and only then, if the district attorney finds it appropriate, may the State seek an indictment on those charges. State v. Petersilie , 334 N.C. 169, 178, 432 S.E.2d 832, 837 (1993). As a result, to demonstrate that the trial court had subject matter jurisdiction in a case brought via presentment, the record on appeal must include both a presentment and a separate indictment. Id. at 177, 432 S.E.2d at 836-37 ; see also Baker , --- N.C. App. at ----, --- S.E.2d at ----, 2018 WL 6613804 at *2-3.
Moreover, under Petersilie , if the record on appeal fails to include both the presentment and the indictment, and thus fails to establish the subject matter jurisdiction of the trial court, "the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." 334 N.C. at 175, 432 S.E.2d at 836. In Petersilie , as in this case, the State brought misdemeanor charges directly in superior court. And, as in this case, the record on appeal in Petersilie contained the indictments but not the presentments. The Supreme Court held that "[a]s did the Court of Appeals, we conclude this is a case in which the record affirmatively shows a lack of jurisdiction. According to the record, the only charging documents are indictments. All the offenses charged are misdemeanors. ... [T]he superior court has no jurisdiction to try by indictment a defendant charged with a misdemeanor unless the charges which are the subject of the indictment were initiated by a presentment." Id. at 176, 432 S.E.2d at 836. Thus, because the record on appeal did not contain separate presentments, and thus failed to establish the jurisdiction of the trial court, the Supreme Court held that "the Court of Appeals acted properly on the record before it in vacating the judgment in the trial court." Id. at 177, 432 S.E.2d at 837.
Here, as in Petersilie , the record on appeal does not establish the trial court's subject matter jurisdiction because it does not contain separate presentment documents, only the indictments. Thus, under controlling precedent from our Supreme Court, we are constrained to vacate the trial court's judgments.
Conclusion
The trial court's judgments entered 29 June 2017 are vacated for lack of subject matter jurisdiction.
VACATED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.